# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **JOHNEL BATES** | **CIVIL ACTION NO. 3:10-cv-1472** |
| **LA. DOC #333949** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN DAVE YELVERTON**, | |
| **ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Johnel Bates, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 22, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. When he filed this complaint, he was incarcerated at the Jackson Parish Correctional Center (JPCC), Jonesboro, Louisiana; he was subsequently transferred to the Allen Correctional Center, Kinder, Louisiana. [Doc. #8]

In his original complaint, he alleged that he was being denied medical care for an unspecified psychiatric problem. He sued JPCC Warden Dave Yelverton, Nurse Courtney Whitehead, Sgt. Otwell, and the un-named physician who examined him on August 27, 2010.  Plaintiff prayed for injunctive relief only – "... to meet with a psychiatrist, to get help with this mental disorder. Also have the Warden Dave Yelverton, have me transferred into the Department of Corrections." [Doc. #1, ¶V] As noted above, on January 26, 2011, plaintiff advised the Court that he was transferred to an LDOC facility; plaintiff complained that his transfer was an act of retaliation for having filed his complaint. [Doc. #8]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the

following reasons it is recommended that the original complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Background*

Plaintiff, an LDOC prisoner housed at JPCC, was examined by a physician at JPCC on August 27, 2010.  According to plaintiff, the examination "... didn't establish anything toward my medical disorder..." Plaintiff claims that he has an undefined mental disorder "... that has gotten the best of [him]."  Plaintiff asked the physician for a referral to a psychiatrist; however, the physician refused to do so.

Plaintiff claims that he has served 15 years in the LDOC's custody and his rights have been deprived by medical staff who he describes as being "very negative[ ]toward" him. On August 30, 2010, plaintiff made a "medical emergency" request and Sgt. Otwell gave him an "unauthorized substance" and told him that he could see the physician again the following day; however, plaintiff was not thereafter examined by the physician and his September 15, 2010, grievances and requests to see a psychiatrist were not answered.  Plaintiff prayed that the court order the defendants to have plaintiff examined by a psychiatrist or transfer him to an LDOC facility.

On November 30, 2010, plaintiff was directed to amend his complaint to provide additional facts in support of his claim. [Doc. #6] On December 7, 2010, the order was returned to the Clerk. The document had been refused by JPCC officials and it was noted that the facility was unable to forward the documents to plaintiff. [Doc. #7] In a document dated January 9, 2011, and received and filed on January 26, 2011, plaintiff notified the Court of his new address and complained that his transfer to the Allen Corrections Center was "...an act of reprisal solely due to his filing of the instant civil action..." [Doc. #8] In a another letter dated January 9, 2011, plaintiff alleged that he was

separated from his legal documents and he requested a copy of his original complaint. [Doc. #9] On the same date plaintiff was advised that he could obtain the requested documents upon tendering the cost of reproduction which was calculated to be $23.50. [*Id.*, p. 4] Plaintiff has not submitted another request.

### Law and Analysis

### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

 In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

3

at 1964-65.

Plaintiff has provided the broad contours of his claim and pleaded his best case. Since amendment would not cure the obvious legal deficiencies of his complaint, plaintiff need not be afforded another opportunity to amend.

### 2. Mootness

Plaintiff has requested only prospective injunctive relief. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).  Since it appears that plaintiff prayed only for injunctive relief against specific defendants – JPCC Warden Dave Yelverton, Nurse Courtney Whitehead, Sgt. Otwell, and the un-named  physician who examined him on August 27, 2010 –  and, since it appears that plaintiff is no longer incarcerated at the JPCC,  his claims for injunctive relief against these defendants are moot and subject to dismissal for failing to state a claim for which relief may be granted.

### 3. Retaliation

Plaintiff also contends that his transfer to the Allen Corrections Center was in retaliation for filing this complaint.  Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). To state a claim of

4

retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.

Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997); *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995), *cert. denied sub nom Palermo v. Woods*, 516 U.S. 1084(1996)).

Plaintiff cannot establish intent on the part of the defendants; nor can he establish an adverse act; finally, he simply cannot prove causation. As noted previously, plaintiff specifically requested an order of the Court directing the defendant Warden Yelverton to transfer him to a facility operated by the Louisiana Department of Public Safety and Corrections. Plaintiff has received what he requested. Allen Corrections Center is an LDOC prison.[1] Plaintiff's claim of retaliation is frivolous and without a basis in fact or law.

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted and as frivolous in

---

[1] See http://doc.la.gov/pages/correctional-facilities/allen-correctional-center/

accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, February 25, 2011.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

6