RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/8/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHNEL BATES<br>LA. DOC #333949 | CIVIL ACTION NO. 3:10-cv-1472 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN DAVE YELVERTON,<br>ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

RULING

*Pro se* Plaintiff Johnel Bates, proceeding *in forma pauperis*, filed the instant civil rights Complaint pursuant to 42 U.S.C. § 1983 on September 22, 2010, alleging that Defendants denied him medical care for an unspecified psychiatric condition. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"). When he filed this complaint, he was incarcerated at the Jackson Parish Correctional Center ("JPCC"), Jonesboro, Louisiana; he was subsequently transferred to the Allen Correctional Center, Kinder, Louisiana. [Doc. No. 8].

On February 25, 2011, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 10] in which she recommended that this Court dismiss his Complaint as frivolous and for failing to state a claim as a matter of law. Specifically, she found that Plaintiff sought either a transfer to a LDOC facility or medical treatment at JPCC. He was transferred to a LDOC facility, so his claim was moot.

However, prior to issuance of the Report and Recommendation, Plaintiff added a claim that Defendants had retaliated against him by granting him the relief he requested–transfer to a LDOC

facility.

On March 14, 2011, Plaintiff filed an "Objection to Report and Recommendation" ("Objection") [Doc. No. 12]. He argues that the Magistrate Judge held him to a standard greater than can be met by a *pro se* prisoner, that he now has inmate counsel, and that Defendants violated his Eighth Amendment right "to proper medical attention and thus should be made to pay for their negligence in deliberately neglecting to provide medical . . . treatment for mentally ill offender." [Doc. No. 12, pp. 2-3].

First, the Court agrees with and ADOPTS the Magistrate Judge's analysis and recommendation with regard to Plaintiff's retaliation claim. Plaintiff requested a transfer to a LDOC facility, and he received a transfer to a LDOC facility. Thus, he did not suffer an adverse action.

Second, the Court notes that Plaintiff does not contest the Magistrate Judge's finding that he sought only injunctive relief in his original Complaint and that his claim would, thus, be rendered moot by his transfer to a LDOC facility. The Court agrees with and ADOPTS the Magistrate Judge's analysis and recommendation with regard to Plaintiff's request for injunctive relief.

It is unclear, even now, if Plaintiff seeks damages on his medical treatment claim. While he states in his Objection that Defendants "should be made to pay for their negligence," it is unclear if he means "to pay" by answering to the Court or "to pay" by literally paying some unspecified amount of money damages.

Even if Plaintiff now seeks damages for the alleged lack of medical treatment he received at JPCC, he has failed to identify facts to support an actionable claim under § 1983. Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment

when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks, citation, and emphasis omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner does not state a successful claim based on allegations that defendants acted negligently or committed medical malpractice. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Likewise, a prisoner who merely disagrees with the treatment he received or believes that he should have received additional treatment does not raise a viable deliberate indifference claim. *Id.*; *see also Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991) ( "Unsuccessful medical treatment does not give rise to a § 1983 cause of action. Nor does '[m]ere negligence, neglect or medical malpractice.'") (quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir.1979)).

In his own words, Plaintiff contends only that Defendants were "negligent" or "deliberately negligent." [Doc. No. 12, pp. 2-3]. The facts, as alleged by Plaintiff, show that, in response to his complaints, he was examined by an unidentified physician who apparently determined that he did not warrant treatment. Additionally, despite the opportunities provided by the Magistrate Judge, Plaintiff did not identify any harm or injury he suffered as a result of Defendants' alleged failure to provide him treatment for his alleged psychiatric treatment. Thus, even if Plaintiff now seeks to amend his Complaint to add a claim for damages, amendment would be futile.

For all the foregoing reasons, Plaintiff's § 1983 Complaint is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this ___8___ of ___April___, 2011.

ROBERT G. JAMES
**UNITED STATES DISTRICT JUDGE**